UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALEIGH POTTS, II,
and LAURA LEE POTTS

      Plaintiffs,                    Civil Action No.: 11-CV-15187

      vs.                              District Judge Bernard A. Friedman

                                  Magistrate Judge Mona K. Majzoub

ROBERT J. GREENWELL,
R&B TRUCKING, and
WALBERT TRUCKING, INC.,

      Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL [36]**

This matter comes before the Court on Defendant Walbert Trucking, Inc.'s Motion to Compel Discovery Responses from Plaintiff Raleigh Potts, II. (Docekt no. 36.) Plaintiff has not responded.[1] Defendant filed a Statement of Unresolved Issues.[2] (Docket no. 40.) The motion has been referred to the undersigned for consideration. (Docket no. 37.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule

---

[1] Plaintiff has had ample opportunity to respond to Defendant's Motion. Defendant first filed its Motion to Compel on August 22, 2013. (Docket no. 27.) Plaintiff failed to respond, but on October 4, 2012, the Court struck Defendant's Motion for failure to comply with E.D. Mich. L.R. 7.1(a)(2)(A). Defendant again filed its Motion to Compel on October 14, 2013. (Docket no. 30.) On November 13, 2013, the Court again struck Defendant's Motion—this time for failure to comply with E.D. Mich. L.R. 37.2. Defendant then filed its instant Motion. (Docket no. 36.) Thus, pursuant to E.D. Mich. L.R. 7.1.(e)(2)(B), Plaintiff's response was to be filed no later than November 27, 2013. Plaintiff, however, has had notice of Defendant's Motion for nearly seven months.

[2] The Court notes that the parties were ordered to file a *Joint* Statement of Resolved and Unresolved Issues. (*See* docket no. 34.)

7.1(f)(2).  The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.     Background**

Plaintiff's claims arise out of an automobile accident between two tractor trailers.  (*See* docket no. 1 at 3.)  Plaintiff Raleigh Potts, II, alleges that he suffered severe injuries when Defendant Greenwell rear-ended him on November 26, 2008.  (*Id.*)  Plaintiff Laura Lee Potts joins in her husband's suit and alleges a Loss of Consortium resulting from the accident.  (*Id.* at 6.)

Defendant contends that on May 14, 1013, Walbert Trucking served Plaintiff Raliegh Potts, II, with its "Interrogatories Directed to Plaintiff Raleigh Potts, II."  (*See* docket no. 36-2.)  Plaintiff failed to respond and failed to object, and on June 18, 2013, Defendants' counsel sent Plaintiffs' counsel a letter indicating that he had not yet received Plaintiff's response to the interrogatories.  (Docket no. 36-3.)  Defendant indicates that the parties' attorneys spoke on October 1, 2013, but they did not reach a resolution.  (Docket no. 36 at 2.)  Defendant now seeks complete responses to its interrogatories pursuant to Fed. R. Civ. P. 37.

**II.    Governing Law**

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1).  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.  But the scope of discovery is not unlimited.  "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."  *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d

288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). Rule 30 allows a party to conduct a deposition of any person without leave of the Court, subject to certain exceptions. Fed.R.Civ.P. 30(a)(1). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly or if the person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery or noticed the deposition the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

**III.    Analysis**

Plaintiff did not object to Defendant's interrogatories and has not responded to its Motion. Thus, the Court is inclined to grant Defendant's Motion in full. Nevertheless, as Defendant's interrogatories state, and as its Motion reiterates, Defendant's discovery request was made under Fed. R. Civ. P. 33. (*See* docket no. 36 at 5; docket no. 36-2 at 2.) Rule 33 applies to interrogatories and does not give a party a right to request the production of documents. *See* Fed. R. Civ. P. 33. Such a request is only appropriate under Rule 34. *See* Fed. R. Civ. P. 34. Defendant made no such request under Rule 34, and therefore, the Court will deny Defendant's Motion to the extent that any interrogatory attempts to compel production. The Court will also order Plaintiff to pay Defendant's reasonable expenses and attorney's fees pursuant to Fed. R. Civ. P. 37(A)(5)(a). The Court will,

therefore, order Defendant to submit a Bill of Costs.[3]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [36] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Defendant's Motion to Compel a response to Interrogatory No. 4(d) requesting copies of Plaintiff's tax returns for the last five years is DENIED;

b. Defendant's Motion to Compel a response to Interrogatory No. 12(e) requesting copies of Plaintiff's medical reports or examinations for the last seven years is DENIED;

c. Defendant's Motion to Compel a response to Interrogatory No. 16(c) requesting copies of medical records related to any other lawsuits that Plaintiff may have filed is DENIED; and

d. Defendant's Motion to Compel with regard to the rest of the interrogatories contained in its May 13, 2013 Interrogatories Directed to Plaintiff Raleigh Potts, II, is GRANTED.

Plaintiff is ordered provide a full response to Defendant's Interrogatories without objection within 21 days of this Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiff must pay the reasonable expenses and attorney's fees incurred by Defendant as a result of bringing its instant Motion. Defendant is ordered to submit to the Court a Bill of Costs itemizing the same within 28 days of this Opinion and Order, at which time the Court will determine the amount of costs and fees for which Plaintiff is liable.

---

[3]The Court cautions Defendant not to include any costs or attorneys fees incurred as a result of its improperly filed Motions (docket nos. 27 and 30.)

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  March 13, 2014	s/ Mona K. Majzoub
	MONA K. MAJZOUB
	UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 13, 2014	s/ Lisa C. Bartlett
	Case Manager