**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RALEIGH POTTS, II,**
**and LAURA LEE POTTS**

      **Plaintiffs,**                **Civil Action No.: 11-CV-15187**

      **vs.**                   **District Judge Bernard A. Friedman**

                               **Magistrate Judge Mona K. Majzoub**

**ROBERT J. GREENWELL,**
**R&B TRUCKING, and**
**WALBERT TRUCKING, INC.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiffs' claims arise out of an automobile accident between two tractor trailers. (*See* docket no. 1 at 3.) Plaintiff Raleigh Potts, II, alleges that he suffered severe injuries when Defendant Greenwell rear-ended him on November 26, 2008. (*Id.*) Plaintiff Laura Lee Potts joins in her husband's suit and alleges a Loss of Consortium resulting from the accident. (*Id.* at 6.) In a March 13, 2014 Opinion and Order, the undersigned granted Defendant Walbert Trucking's Motion to Compel [36], including Defendant's request for reasonable expenses and attorney's fees under Fed. R. Civ. P. 37(A)(5)(a). (Docket no. 44.) On April 10, 2014, Defendant's counsel submitted a Bill of Costs. (Docket no. 46.) The Court now issues this Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(A).

**I.**      **Recommendation**

The undersigned recommends that Defendant Walbert Trucking be awarded reasonable costs and attorneys fees in the amount of $600.00, payable by Plaintiff Raleigh Potts, II, to Defendant's counsel within 21 days.

## II.   Report

### A.   Procedural History

This matter was initially before the Court on Defendant Walbert Trucking, Inc.'s Motion to Compel Discovery Responses from Plaintiff Raleigh Potts, II.  (Docket no. 36.)  On May 14, 1013, Walbert Trucking served Plaintiff Raliegh Potts, II, with its "Interrogatories Directed to Plaintiff Raleigh Potts, II."  (*See* docket no. 36-2.)  Plaintiff failed to respond and failed to object, and on June 18, 2013, Defendants' counsel sent Plaintiffs' counsel a letter indicating that he had not yet received Plaintiff's response to the interrogatories.  (Docket no. 36-3.)  The parties' attorneys spoke on October 1, 2013, but they did not reach a resolution.  (Docket no. 36 at 2.)  Defendant filed its Motion, and despite having more than seven months of notice, Plaintiff filed no response.  (*See* docket no. 44 n.1.)  The Court granted Defendant's Motion in part with respect to its Interrogatories to Plaintiff but denied its Motion with respect to any request for documents; Defendant had not properly served such requests under Fed. R. Civ. P. 34.  (Docket no. 44.)  Pursuant to the Court's Order, Defendant's counsel submitted a Bill of Costs seeking a total of $600.00 for three hours of work.  (Docket no. 46.)  Plaintiff has filed no objection.

### B.   Attorney Fees Standard

Rule 37(a)(5)(A) authorizes the Court to order the payment of "the reasonable expenses incurred [by the moving party] in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  To calculate a reasonable attorney's fees award, courts use the "lodestar method,"

which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Hett*, 2011 WL 740460, at *2 (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for attorneys." *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D.Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)). In addition, the court considers the following factors when calculating the reasonableness of attorney fees: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. *Miller v. Alldata Corp.*, 14 Fed. Appx. 457, 468 (6th Cir. 2001).

   The Supreme Court has also provided guidance:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission[.]

*Hensley v. Eckerhard*, 461 U.S. 424 (1983).

   **C.**  **Analysis**

Defendant's Counsel, Mark Roberts, seeks an hourly rate of $200.00 per hour.  (Docket no. 46 at 2.)  As noted, Plaintiff has not objected to Attorney Roberts's request.  Moreover, the undersigned finds that Attorney Roberts's hourly rate is reasonable and within local market rates. With regard to the number of hours expended, Attorney Roberts asserts that he spent two hours preparing the initial Motion to Compel and another hour reviewing the other filings related to the Motion, including the Court's Order.  (*Id.* at 1-2.)  Again, the undersigned finds this request reasonable, particularly with no outstanding objections from Plaintiff.

### D.      Conclusion

For the reasons indicated herein, the Court recommends awarding total costs and fees to Defendant in the amount of $600.00

## III.   Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: May 29, 2014                          s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.


Dated: May 29, 2014                          s/ Lisa C. Bartlett
                                             Case Manager